IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Darnell Thomas, | Case No. 6:22-cv-04388-TLW |
| PETITIONER, | |
| vs. | ORDER |
| Warden, Broad River Correctional Institution, | |
| RESPONDENT. | |

Petitioner Michael Darnell Thomas ("Petitioner"), a state prisoner, proceeding *in forma pauperis*, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254 on December 2, 2022. ECF No. 1. This matter is before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 12. In the Report, the magistrate judge recommends that this Court summarily dismiss the petition. *Id.* Petitioner has not filed objections and the deadline for doing so has now run. Accordingly, this matter is now ripe for review, adjudication, and disposition.

RELEVANT BACKGROUND

Petitioner is serving two concurrent thirty-year sentences after pleading guilty to kidnapping, first degree burglary, and criminal sexual conduct in the first degree. *Id.* at 1. He did not file an appeal. *Id.* at 2. In 2017, he filed a post-conviction relief ("PCR") action in Richland Country, which was denied on the merits in

October 2020. *Id.* He appealed, and his petition for certiorari was denied by the South Carolina Court of Appeals on August 23, 2022. *Id.*

On October 3, 2022, Petitioner filed a habeas action pursuant to § 2254 in this Court docketed as *Thomas v. Jackson,* No. 6:22-cv-03410-TLW-KFM (D.S.C.). *Id.* This is not the present action before this Court. In that action, Petitioner seeks to challenge his convictions for kidnapping, first degree burglary, and criminal sexual conduct first degree. *Id.*

Three months later, on December 12, 2022, Petitioner filed this second habeas action, where he again seeks to challenge his convictions for kidnapping, first degree burglary, and criminal sexual conduct first degree. *Id.* at 2–3; ECF No. 1. This action was referred to the magistrate judge, who sent Petitioner special interrogatories regarding his second action. *Id.* Petitioner responded to these interrogatories and affirmed that he wished to file a second action, that he knew it was identical, and that he did not wish to dismiss the action. ECF No. 7. The Report notes: "The petitioner appears to concede that this action is duplicative, indicating that he did intend to file a second habeas action regarding the above convictions in response to the Court's Special Interrogatories." *Id.* at 4.

On January 17, 2022, the magistrate judge issued the Report, which recommends dismissing this second habeas action as duplicative. ECF No. 12 at 4. The magistrate judge notes that the petition seeks the same relief as that in Petitioner's first habeas action, that the first habeas action remains pending, and that the interests of justice weigh heavily in favor of dismissing this action given

the first, pending habeas action. *Id.* Petitioner's objections were due on January 31, 2023. *Id.* Petitioner has not filed objections, and the deadline for doing so has long expired.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

The Court has reviewed the Report and other relevant filings in accordance with *Wallace* and concludes that the magistrate judge accurately summarizes the case and the applicable law in detail and sets forth a detailed analysis of the

relevant issues, namely that this successive habeas action is duplicative of the one pending before the Court. The Court has carefully reviewed both of Petitioner's petitions and finds that they are nearly identical.[1] First, they both raise the same claims for relief: ineffective assistance of counsel and newly discovered evidence. Second, they both seek to vacate Petitioner's sentence. Petitioner has not contested the conclusion that his petitions are duplicative. Therefore, after careful consideration, **IT IS ORDERED** that the Report, ECF No. 12, is **ACCEPTED**. The Petition, ECF No. 1, is **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to these issues. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 9, 2023
Columbia, South Carolina

---

[1] The only real difference being that Petitioner's second petition provides more background on his PCR actions.